UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re                                                                                    Case No. 07-80670
                                                                                         Chapter 13
LYWONDA W. MYERS,

       Debtor,

## MEMORANDUM DECISION

This Chapter 13 case came before the Court upon the Trustee's "Motion to Close Chapter 13 Case Without a Discharge" (Doc. 45), on June 11, 2008, in Opelika, Alabama. The Debtor opposes the Trustee's motion. (Doc. 48). For the reasons set forth below, the Court denies the Trustee's motion and determines that the Debtor is not ineligible for discharge based upon her prior Chapter 13 bankruptcy filing.

## I. FACTS

The Debtor filed the instant Chapter 13 case on July 25, 2007. She has filed a previous case under Chapter 13 on October 4, 2001. (Case No. 01-6211). The Debtor received a discharge on November 10, 2005, in the previous case.

## II. LAW

The Trustee brings the question of whether the Debtor is entitled to a discharge in this case by way of motion to close the case without discharge. It appears that this would better have been done by way of an adversary proceeding. See Bankruptcy Rule 7001(4) (objections to discharge must be brought by way of adversary proceedings). The Debtor opposes the Trustee's motion on its merits, but does not object to the form of these proceedings. While the Debtor has

Case 07-80670   Doc 50   Filed 07/17/08   Entered 07/17/08 17:25:36   Desc Main
Document    Page 1 of 5

the right to insist that a complaint be served upon her, she has not done so here.[1]

The Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(J). This is a final order. The Court will treat this as having come before it by way of an adversary proceeding.

The issue to be decided here is whether the Debtor is precluded from receiving a discharge in this case pursuant to 11 U.S.C. § 1328(f)(2), which provides as follows:

> Notwithstanding subsections (a) and (b), the court shall not grant a discharge of all debts provided for in the plan or disallowed under section 502, if the debtor has received a discharge–
>
> * * *
>
> (2) in a case filed under chapter 13 of this title during the 2-year period preceding the date of such order.

Id.

The Trustee contends that the two-year period of § 1328(f)(2) runs from the date of discharge of the first case to the date of filing of the second case, i.e. "discharge to filing." The Debtor contends that the two-year period runs from the date of filing of the first case to the date of filing the second case, i.e. "filing to filing."

This involves a question of statutory interpretation. The phrase "during the 2-year period preceding the date of such order" constitutes a limitation. The question is whether the limitation applies to a case "filed under chapter 13 of this title," which is the phrase immediately preceding

---

[1] This issue has come before other courts in a variety of procedural vehicles. In some instances, trustees have moved to dismiss, contending that a Chapter 13 filing which cannot result in a discharge is brought in bad faith. In other instances, trustees have objected to confirmation of the Chapter 13 for the same reason. The Court does not intend this observation of the vehicle selected by the Trustee in this case as criticism as it would appear to be best to bring this issue to a head at the earliest opportunity so as to avoid a situation where a debtor has made his plan payments for years, only to be denied a discharge because he is barred by statute.

the limitation, or whether the limitation applies to the phrase "has received a discharge."

The Debtor cites the case of In re Bateman, 515 F.3d 272 (4th Cir. 2008), which is the only Circuit level decision on this question. In ruling upon the same question which is at issue here, the Fourth Circuit in Bateman held that:

> Applying the plain meaning of the statutory language, we conclude that the 'filing date to filing date' interpretation of § 1328(f) is correct. This interpretation 'gives effect to the logical sequence of the language used. Each subsequent clause modifies the immediately preceding clause. All words are given effect. No punctuation need to be added or deleted.' [citation omitted]. Our conclusion is buttressed by the doctrine of the last antecedent, which teaches that 'a limiting clause or phrase . . . should ordinarily be read as modifying only the noun or phrase that it immediately follows.'

Id. at 277-78 (citing Barnhart v. Thomas, 540 U.S. 20, 26, 124 S.Ct. 376, 157 L.Ed.2d 333 (2003)). The Fourth Circuit further noted that the Trustee's interpretation would render the word "filed" superfluous, violating another canon of construction. Bateman, 515 F.3d at 278.

The Trustee in this case contends, as did the trustee in Bateman, that the Debtor's construction of the statute renders it meaningless. Most Chapter 13 cases run between 3 and 5 years. See 11 U.S.C. § 1325(b) (providing that a plan must be at least three years unless creditors are paid in full in a lesser period of time). If the statute is given the construction urged by the Debtor here, and by the Fourth Circuit in Bateman, then only Chapter 13 plans providing for full payment in less than two years would be barred. On the other hand, as noted in Bateman, if the Trustee's interpretation was given effect, a Chapter 13 debtor in a plan lasting a full five years, would be barred for a total of 7 years from the date of filing the prior Chapter 13 case. In other words, after receiving a Chapter 13 discharge in a five-year case, the debtor would then be barred for an additional two years.

3

Carrying forward the example of the Chapter 13 debtor in the five-year plan, such a debtor is barred for, at most, only one additional year from filing a petition under Chapter 7. 11 U.S.C. § 727(a)(9). Moreover, a Chapter 13 debtor who pays 100% of his debts, or at least 70% and proves that his plan was filed in good faith and was the debtor's best efforts, would not be barred from filing a Chapter 7 case the day after he received his Chapter 13 discharge. Id. As noted by the Fourth Circuit in Bateman, the "filing date to filing date" interpretation is likewise consistent with the policy that Chapter 13 filings are preferred over Chapter 7 filings, while the Trustee's interpretation would further penalize Chapter 13 debtors. Because the successive Chapter 13 filings are unaffected by whether the prior case paid 100%, under the Trustee's construction of the statute, a debtor in a five-year, 100% plan, would be barred for two years from filing another Chapter 13 case, while he could immediately file a case under Chapter 7. Ironically, under the Chapter 13 Trustee's interpretation, the Chapter 13 filing penalty would be greatest for the debtor who paid 100% of his debts - a truly anomalous result.

The majority of the courts who have considered this question have likewise adopted the "filing date to filing date" interpretation of § 1328(f). Sanders v. Carroll, 2008 WL 275678 (E.D. Mich. Jan. 31, 2008); In re Hamilton, 383 B.R. 469 (Bankr. W.D. Ark. 2008); In re Lewis, 376 B.R. 849 (Bankr. M.D. Tenn. 2007); In re Grice, 373 B.R. 886 (Bankr. E.D. Wis. 2007) (stating in dicta that filing date to filing date convention is correct); In re Ward, 370 B.R. 812 (Bankr. D. Neb. 2007); In re Graves, 2007 WL 1075108 (Bankr. D. Md. Jan. 19, 2007); In re Knighton, 355 B.R. 922 (Bankr. M.D. Ga. 2006); In re West, 352 B.R. 482 (Bankr. E.D. Ark. 2006).

## III. CONCLUSION

The "filing date to filing date" construction proposed by the Debtor is the proper construction of § 1328(f). This construction is the most natural reading of the statute, following the "immediate antecedent" cannon while the Trustee's contrary construction would violate that rule and render the term "filed" superfluous. The Trustee's argument that the "filing date to filing date" construction will limit only a few cases is not wholly without force, but as illustrated above, the Trustee's interpretation would create more serious anomalies. Moreover, reported case law on this point is nearly unanimous.

Done this the 26th day of June, 2008.

/s/ William R. Sawyer
United States Bankruptcy Judge

5